IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR 14-306M |
| | ) | |
| MICHAEL BILLINGS, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT BILLINGS' SENTENCING MEMORANDUM AND MOTION FOR VARIANCE

Defendant Michael Billings provides to the Court this Sentencing Memorandum, along with a Motion for Variance from the advisory sentencing guideline range computed in the Presentence Investigation Report (PSR).  Mr. Billings would ask this Court to impose a sentence of four years imprisonment.  Defendant would provide the following information to the Court.

### STATEMENT OF THE CASE

Mr. Billings plead guilty to a one count Superseding Information on November 12, 2015.  This Information charged a violation of Title 18 USC Section 2423(c), Engaging in Illicit Sexual Conduct in Foreign Places.  Mr. Billings admitted to the Court that he had traveled to Peru to engage in sex with females under the age of 18 years old, in violation of the U.S. law.

On this date, the Court ordered Mr. Billings into the custody of the U.S. Marshal pending sentencing. A PSR was prepared and objected to and sentencing was continued on motion by the Defendant several times. Mr. Billings remains in custody in the Logan County jail. Prior to the entry of the plea of guilty to this charge, Mr. Billings voluntarily tendered his resignation to the Oklahoma Bar Association.

## SENTENCING MEMORANDUM

As the Court is abundantly aware, the previously mandatory sentencing guidelines are now advisory and the Court can impose essentially any sentence the Court feels advances the interest of justice. In choosing the appropriate sentence, the Court is directed to consult the statutory mandates of Title 18 USC Section 3553. Defendant will frame his argument for a sentence of four years imprisonment within the structure of the Section 3553 considerations.

(1)  The nature and circumstances of the offense and the history and characteristics of the defendant;

The Court is aware of the circumstances of the offense. The PSR describes the acts Mr. Billings engaged in while in Peru. These acts were in violation of federal law prohibiting American citizens from traveling to foreign countries with the intent to engage in sex with individuals under 18 years of age.

The Court is also aware of the history and characteristics of Mr. Billings. Again, the PSR provides the Court with a small picture of his life. Unfortunately,

this picture dwells mainly on the negative aspects of Mr. Billings' life. Mr. Billings has a large and loving family who have supported him throughout this long ordeal. His father lives on the family homestead in Sulphur, Oklahoma. There are also three sisters who still live in Sulphur who continue to provide emotional and spiritual support to Mr. Billings. In addition, Mr. Billings' wife and three children live in Choctaw, Oklahoma and are anxiously awaiting his return to the home to provide the love and support to them that they have been without while Mr. Billings has been incarcerated.

While Mr. Billings has voluntarily surrendered his license to practice law, he is eagerly waiting for the time he can return to his family to provide the financial support he feels a moral obligation to provide. While it is unknown at this time what line of work he will be doing, Mr. Billings has shown a strong entrepreneurial spirit to support his family.

(2)   the need for the sentence imposed –

(A)   to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

This is a serious offense. Any violation of federal law can be considered serious. Having said that, the Court should consider that if Mr. Billings would have done this same act without leaving the state of Oklahoma, there would be no criminal liability attached. Mr. Billings plead guilty to engaging in sex with a 16 year old female in Peru. Had he engaged in sex with a 16 year old female in

Oklahoma, he would not be guilty of breaking any law. While many would feel a 60 year old man having sex with a 16 year old girl is morally reprehensible, it is not illegal.

Again, Mr. Billings is not attempting to minimize his conduct or the seriousness of the federal law. However, a sentence of four years is an adequate deterrence to Mr. Billings personally or to anyone else considering international travel to engage in sex with individuals under the age of 18 years old.

(B)  to afford adequate deterrence to criminal conduct;

(C)  to protect the public from further crimes of the defendant;

While no one has a crystal ball to predict the future, the Court should conclude that neither of these factors are a concern in this case. Mr. Billings will personally tell the Court at his sentencing that his days of international travel are over. Mr. Billings will voluntarily relinquish his passport to further ensure this. A sentence of four years will discharge to the street a 65 year old man. Mr. Billings has already been in custody for over one year. If four years imprisonment does not work to deter further criminal conduct, how much is needed? Does Mr. Billings need to be locked up for the rest of his natural life in order to ensure, absolutely, that he does not engage in anymore criminal activity? The Court should conclude the answer is no.

  (D)  to provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner;

  Mr. Billings is a high school, college, and law school graduate.  No educational or vocational training is needed.  Mr. Billings is in need of medical care.  He has been in the Logan County jail for over one year and has not received adequate medical care.  Prior to being placed into custody, Mr. Billings had a heart attack and had to be hospitalized and placed on medication.  While in custody, Mr. Billings has lost a considerable amount of weight and has lost the use of his lower legs.  The standard argument is that Bureau of Prisons has adequate medical facilities and everything will be just fine.  However, when a person is sick, do they deserve adequate care or the best care possible?  Mr. Billings deserves the type of care he would receive is he were out of custody.

  (E)  the kinds of sentences available;

  Statutorily, all kinds of sentences are available.  These run the range from incarceration to home detention to probation.  Mr. Billings is not asking this Court for probation or home detention.  He is asking this Court to order a sentence of four years.

  (3) the kinds of sentences and the sentencing range established for –

  Not addressed.

  (4) any pertinent policy statement –

  Not addressed.

    (5)    the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;

To Mr. Billings' knowledge, there has been only one other person charged in this Court as a result of this investigation. This person is Mr. Robert Pierce. Mr. Pierce has not been sentenced yet. As the Court is aware, counsel does not have access to Mr. Pierce's PSR and has no way to officially confirm what sentence Mr. Pierce could receive. Based upon a review of discovery and confirmation with Mr. Billings, it would appear that of the two, Mr. Pierce is certainly the more culpable of these defendants. Mr. Pierce was actually arrested in Peru as a result of this investigation. Peruvian authorities did not arrest Mr. Billings at the time of the "take down", as Mr. Billings was not with anyone at that time.

There is no way at this time to tell the Court if a sentencing disparity will occur.

    the need to provide restitution to any victims of the offense.

    Restitution to the victim has not been addressed at this point.

When analyzing Mr. Billings' actions and involvement of this case within the statutory framework of Section 3553, the Court should conclude that a sentence of four years is appropriate. Defendant would ask the Court to sentence him accordingly.

ADDITIONAL ARGUMENT ON OBJECTION
TO PARAGRAPH 83 OF THE PSR

As indicated in the Addendum to the Presentence Report filed with this Court on March 30, 2016, Mr. Billings has objected to the 5 point enhancement in Paragraph 83. In its Sentencing Memorandum filed with this Court on December 19, 2016 (Doc. No. 72), the government maintains the 5 point enhancement is correct. The government also acknowledges the Tenth Circuit Court of Appeals has not addressed this issue. Mr. Billings' position is that the enhancement is not proper, the plain language of the guideline and the statute contain no ambiguity, and no interpretation is needed.

The analysis begins at the USSC guideline USSG Section 4B1.5(b)(1). It should be noted that this section is contained within Chapter 4, Criminal History and Criminal Livelihood. Relevant conduct, which this issue appears to be, is contained in Chapter 1, and Specific Offense Characteristics, which this issue also could be, are contained within the subsections of Chapter 2. Having said this, Chapter 4 deals with criminal history, which requires criminal convictions.

> Subparagraph (b) of 4B1.5 states, in part:
> In any case in which the defendant's instant offense of conviction is a covered sex crime, neither Section 4B1.1 nor subsection (a) of this guideline applies, **and** the defendant engaged in a pattern of activity involving prohibited sexual conduct: (emphasis added)
> (1) The offense level shall be 5 plus the offense level determined….

Mr. Billings has conceded the instant offense is a "covered sex crime".

However, as defined in Application Note 4(A), he did not engage in "prohibited sexual conduct". This Application Note states, for purposes of subsection (b), "prohibited sexual conduct" means any of the following: (i) any offense described in 18 USC 2426(b)(1)(A) or (B)… Section 2426 of Title 18, titled Repeat Offenders, defines "prior sex offense conviction" as just that, a sex offense conviction. There is no ambiguity to this plain language. In order for the 5 point enhancement to apply, there must be a prior conviction. Mr. Billings does not have a prior sex offense conviction. This enhancement does not apply.

## CONCLUSION

Based upon all of the factors set forth in this Sentencing Memorandum and Motion for Variance, Michael Billings moves this Court to sentence him to a term of four years.

S/ Daniel L. White
Daniel L. White, OBA # 16969
P.O. Box 94551
Oklahoma City, OK 73143
405 249-9162
danielwhite@for-the-defense.com
Attorney for Defendant Billings

Certificate of Service
I certify that on December 20, 2016, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the ECF registrants in this case.

S/ Daniel L. White
Attorney for Defendant Billings