AO 254B (Rev. 11/16) Judgment in a Criminal Case
Sheet 1

# United States District Court
# Western District of Oklahoma

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **JUDGMENT IN A CRIMINAL CASE** |
| **V.** | **CASE NUMBER: CR-14-00306-001-M** |
| **MICHAEL DEAN BILLINGS** | **USM NUMBER: 29129-064** |
| | Daniel L. White |
| | Defendant's Attorney |

**THE DEFENDANT:**

☒ pleaded guilty to the one-count Superseding Information filed 11/05/2015                                    .

☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.

☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 2423(c) | Illicit sexual conduct in foreign places | 02/21/2013 | 1 |

The defendant is sentenced as provided in pages 2 through __7__ of this judgment.   The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐   The defendant has been found not guilty on count(s) _____ .

☒   The Indictment filed on 10/22/2014 is dismissed on the motion of the United States.

It is further ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and the United States Attorney of material changes in economic circumstances.

12/21/2016
Date of Imposition of Judgment

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE

12/22/2016
Date Signed

AO 245B (Rev. 11/16) Judgment in a Criminal Case:
Sheet 2 - Imprisonment

Judgment— Page __2__ of __7__

**DEFENDANT: Michael Dean Billings**
**CASE NUMBER: CR-14-00306-001-M**

### IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **one hundred sixty-eight (168) months**.

☒ The court makes the following recommendations to the Bureau of Prisons:

1) That the defendant be incarcerated at <u>a facility that has physical rehabilitation available</u>;
2) That the defendant participate in the Inmate Financial Responsibility Program at a rate determined by BOP staff in accordance with the requirements of the Inmate Financial Responsibility Program; and
3) That the defendant participate in the Sex Offender Treatment Program while incarcerated, if eligible.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district.
    ☐ by 12:00 noon on _____.
    ☐ as notified by the United States marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    ☐ by 12:00 noon on _____
    ☐ as notified by the United States Marshal.
    ☐ as notified by the Probation or Pretrial Services Office.

### RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____ at _____, with a certified copy of this judgment.

_____
United States Marshal

By _____
Deputy Marshal

AO 245B (Rev. 11/16) Judgment in a Criminal Case:
        Sheet 3 - Supervised Release

Judgment— Page ___3___ of ___7___

**DEFENDANT: Michael Dean Billings**
**CASE NUMBER: CR-14-00306-001-M**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: **five (5) years**.

### MANDATORY CONDITIONS

1.   You must not commit another federal, state or local crime.
2.   You must not unlawfully possess a controlled substance.
3.   You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
     ☐  The above drug testing condition is suspended, based on the court's determination that you pose
         a low risk of future substance abuse. *(check if applicable)*
4.   ☒  You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
5.   ☒  You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
6.   ☐  You must participate in an approved program of domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 11/16) Judgment in a Criminal Case:
        Sheet 3A - Supervised Release

**DEFENDANT: Michael Dean Billings**
**CASE NUMBER: CR-14-00306-001-M**

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision.   These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.  You must answer truthfully the questions asked by your probation officer.
5.  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change.  If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation n officer within 72 hours of becoming aware of a change or expected change.
6.  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so.  If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so.   If you plan to change where you work or anything about your work (such as your position of your job responsibilities), you must notify the probation officer at least 10 days before the change.   If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.  You must on communicate or interact with someone you know is engaged in criminal activity.  If you know someone has been convicted of a felony, you must know knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction.   The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions.  For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.


Defendant's Signature _____          Date_____

AO 245B (Rev. 11/16) Judgment in a Criminal Case:
        Sheet 3B —    Supervised Release

Judgment— Page   5   of   7  

**DEFENDANT: Michael Dean Billings**
**CASE NUMBER: CR-14-00306-001-M**

## SPECIAL CONDITIONS OF SUPERVISION

☒   The Court is not imposing community service.

☒   The defendant shall submit to a sex offender mental health assessment and a program of sex offender mental health treatment, as directed by the U.S. Probation Officer, until such time as the defendant is released from the program by the probation officer. This assessment and treatment may include a polygraph to assist in planning and case monitoring. The defendant may be required to contribute to the cost of services rendered (copayment) in an amount to be determined by the probation officer, based on the defendant's ability to pay. Any refusal to submit to such assessment or tests as scheduled is a violation of the conditions of supervision.

☒   The defendant shall waive all rights to confidentiality regarding sex offender mental health treatment in order to allow release of information to the supervising probation officer and to authorize open communication between the probation officer and the treatment provider.

☒   The defendant shall not be associated with children under the age of 18 except in the presence of a responsible adult who is aware of the defendant's background and current offense, and who has been approved by the U.S. Probation Officer.

☒   The defendant shall register pursuant to the provisions of the Sex Offender Registration and Notification Act, or any applicable state registration law. The defendant shall submit his person, and any property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects to search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of probation or unlawful conduct by the person, and by any probation officer in the lawful discharge of the officer's supervision functions.

☒   The defendant shall consent to the U.S. Probation Officer conducting periodic unannounced examinations, without individual showing of reasonable suspicion, on any computer equipment used by the defendant. The examination may include assistance of other law enforcement agencies. This may include retrieval and copying of all data from the computer and any internal or external peripherals to ensure compliance with his conditions and/or removal of such equipment for the purpose of conducting a more thorough inspection, and allow at the direction of the probation officer, installation on the defendant's computer, at the defendant's expense per co-payment policy, any hardware or software systems to monitor the defendant's computer use. The defendant shall comply with a Computer Monitoring and Acceptable Use Contract, which includes a requirement that the defendant use a computer compatible with available monitoring systems. The defendant shall have no expectation of privacy regarding computer use or information stored on the computer. The defendant shall warn any other significant third parties that the computer(s) may be subject to monitoring. Any attempt to circumvent monitoring and examination may be grounds for revocation.

☒   The defendant shall have no contact, directly or indirectly, with any and all victims of the offense.

☒   The defendant must submit to a search of his person, property, electronic devices, or any automobile under his control to be conducted in a reasonable manner and at a reasonable time, for the purpose of detecting evidence of sex trafficking activities at the direction of the probation officer upon reasonable suspicion. Further, the defendant must inform any residents that the premises may be subject to a search.

AO 245B (Rev. 11/16) Judgment in a Criminal Case:
    Sheet 5 — Criminal Monetary Penalties

Judgment— Page __6__ of __7__

**DEFENDANT: Michael Dean Billings**
**CASE NUMBER: CR-14-00306-001-M**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **JVTA Assessment*** | **Fine** | **Restitution** |
|---|---|---|---|---|
| **TOTALS:** | $100.00 | $-0- | $-0- | $-0- |

☐   The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO245C)* will be entered after such determination.

☐   The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*\*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| **TOTALS** | $ | $ | |

☐   Restitution amount ordered pursuant to plea agreement $_____

☐   The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐   The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

    ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

    ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

  \*  Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
  \*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO245B (Rev. 11/16) Judgment in a Criminal Case
  Sheet 6 – Schedule of Payments

Judgment— Page ___7___ of ___7___

**DEFENDANT: Michael Dean Billings**
**CASE NUMBER: CR-14-00306-001-M**

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A**    ☒ Lump sum payment of $100.00 (special assessment) due immediately, balance due

        ☐ not later than _____, or

        ☐ in accordance with    ☐ C,    ☐ D,    ☐ E, or ☐ F below; or

**B**    ☐ Payment to begin immediately (may be combined with    ☐ C,    ☐ D,    ☐ F below); or

**C**    ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $_____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**    ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $_____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**    ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment.   The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**    ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties are due during imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐    Joint and Several

| Defendant and Co-Defendant Names | Case Number *(including dft number)* | Joint and Several Amount |
| --- | --- | --- |

☐    The defendant shall pay the cost of prosecution.

☐    The defendant shall pay the following court cost(s):

☐    The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.