### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CR-14-00306-001-M |
| | ) | |
| MICHAEL DEAN BILLINGS, | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT'S MOTION FOR EXTENSION OF TIME TO APPEAL
### PURSUANT TO FED. R. APP. P. 4(B)(4)

**COMES NOW** Defendant Michael Dean Billings and requests that this Court grant Defendant an extension of time to appeal pursuant to Fed. R. App. P. 4(b)(4) to February 1, 2017, not more than thirty (30) days after expiration of the time prescribed by Fed. R. App. P. 4(b). In support of Defendant's Motion for Extension of Time to Appeal pursuant to Fed. R. App. P. 4(b)(4) (hereinafter, "**Motion**"), Defendant states as follows:

### STATEMENT OF FACTS

1. On November 5, 2015, the United States filed a Superseding Information charging Mr. Billings with engaging in illicit sexual conduct in a foreign place, in violation of 18 U.S.C. § 2423(c). (Doc. 48.)

2. Pursuant to a plea agreement containing a broad waiver of appellate rights, Mr. Billings pled guilty to the Superseding Information. (Docs. 50–54.)

3. On December 21, 2016, the district court sentenced Mr. Billing to 168 months' imprisonment, a sentence within the applicable guideline range and entered its judgment on the docket on December 22, 2016. (Docs. 74, 76.)

4. Mr. Billings filed his notice of appeal on January 10, 2017, or five (5) days out of time. (Doc. 78.)

## LEGAL ANALYSIS

Pursuant to Fed. R. App. P. 4(b)(1)(A), a defendant's notice of intent to appeal must be filed within fourteen (14) days of entry of either the judgment or order being appealed or, alternatively, within fourteen (14) days of the filing of the government's notice of appeal. Fed. R. App. P. 4(b)(1)(A). In the instant case, the judgment was entered on December 22, 2016, and the fourteen (14) days elapsed on January 5, 2017. However, Fed. R. App. P. 4(b) also provides that the time for filing a notice of intent to appeal can be extended by up to thirty days, or until February 6, 2017, upon a finding of "excusable neglect or good cause." Fed. R. App. P. 4(b)(4). "Rule 4(b) itself is already fairly permissive in setting forth the requisite deadlines; it provides two exceptions that will save a large number of late appeals from dismissal." *United States v. Mitchell*, 518 F.3d 740, 754 (10th Cir. 2008) (LUCERO, dissenting).

A district court should consider four factors to determine if excusable neglect or good cause has been shown: "[1] the danger of prejudice to the [nonmoving party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *United States v. Torres,* 372 F.3d 1159, 1162 (10th Cir.2004) (quoting *Pioneer Investment Servs. Co. v. Brunswick Associates Ltd. Partnership,* 507 U.S. 380, 395 (1993)). While the Court must consider all of these factors, the factors do not carry equal weight and the movant's "fault in the delay remains a very

important factor-perhaps the most important single factor-in determining whether neglect is excusable." *Id.* at 1163 (quoting *City of Chanute, Kansas v. Williams Natural Gas Co.,* 31 F.3d 1041, 1046 (10th Cir.1994). It does not constitute excusable neglect when a party files an untimely appeal based on a misunderstanding of the applicable deadline. *United States v. Madrid,* 633 F.3d 1222, 1228 (10th Cir.2011). "Failure to comply with Rule 4(b)(1)(A)(i) doesn't deprive this court of jurisdiction, nor does it mandate dismissal." *United States v. Munoz*, 16-5026, 2016 WL 6518516, at *1 (10th Cir. Nov. 3, 2016) (citing *United States v. Mitchell*, 518 F.3d 740, 743–44 (10th Cir. 2008).

In addition, the district court may grant an appealing party an extension of time to file based upon good cause. "Good cause may warrant an extension when the defendant demonstrates an untimely filing resulted from a situation[ ] in which there is no fault—excusable or otherwise." *United States v. Munoz*, 16-5026, 2016 WL 6518516, at *1 (10th Cir. Nov. 3, 2016) (citing *Bishop v. Corsentino*, 371 F.3d 1203, 1207 (10th Cir. 2004)). This situation is "usually occasioned by something that is not within the [defendant's] control." *Bishop*, 371 F.3d at 1207.

**I.   In the present case, this Court should grant Defendant's extension of time to appeal pursuant to Fed. R. App. P. 4(b)(4) for "excusable neglect" as a review of the factors set forth at *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership,* 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), weigh in favor of granting Defendant an extension of time.**

In the present case, a consideration of the factors set forth at Fed. R. App. P. 4(b)(4) warranting granting Defendant's request for additional time to appeal based upon excusable neglect. The first factor, the danger of prejudice to the Government, weighs in favor of granting Defendant's requested extension of time as the Government will not

suffer prejudice if Defendant's request is granted. While Defendant's appeal was filed five (5) days of out of time, this Court is statutorily permitted to extend Defendant's appeal an additional thirty (30) days to until February 6, 2017.

The second factor, the length of the delay and its potential impact on judicial proceedings, also weighs in Defendant's favor. The total delay occasioned by this request, if granted, is no more than twenty-two (22) days beyond the original deadline to file (from January 5, 2017, the original deadline, to February 1, 2017, Defendant's requested extension), and the Tenth Circuit Court of Appeals has not suspended the deadlines for filling any preliminary documents in this case. (*See* Order dated January 12, 2017, attached hereto as Exhibit A.) Furthermore, Defendant's Notice of Appeal was filed January 10, 2017, and this Motion is filed on January 25, 2017, representing a fifteen (15) day delay. "A delay of less than three weeks is de minimis and certainly has no impact whatsoever on the proceedings." *Outdoor Media Grp., Inc. v. City of Beaumont*, 702 F. Supp. 2d 1147, 1168 (C.D. Cal. 2010), *aff'd*, *Outdoor Media Grp., Inc. v. City of Beaumont*, 464 Fed. Appx. 611 (9th Cir. 2011).

The third factor, the reason for the delay, including whether it was within the reasonable control of the movant, also weighs in Defendant's favor. Judgment was entered in this case on December 22, 2016, right before the Christmas and New Year holidays. After Defendant discovered that his trial counsel would be unable to perfect an appeal, Defendant began searching for other counsel to file the appeal, but because of the holidays, was unable to find additional counsel until January 10, 2017, when the undersigned agreed to file Defendant's appeal, and Defendant's notice of appeal was filed that day.

The final factor, whether Defendant acted in good faith, also weighs in favor of granting Defendant's requested extension of time. Upon discovery of the delay in filing Defendant's notice of appeal, the undersigned immediately sought to correct such error. Defendant's request for an extension of time comes only thirteen (13) days after receipt of the Government's Motion to Dismiss Defendant's Appeal. Accordingly, this Court should find that a consideration of the factors set forth at *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership,* 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), as adopted the Tenth Circuit in *United States v. Torres*, 372 F.3d 1159 (10th Cir. 2004), weigh in favor of granting Defendant's request pursuant to Fed. R. App. P. 4(b)(4).

**II.    Furthermore, this Court should grant Defendant's request for an extension of time pursuant to Fed. R. App. P. 4(b)(4) based upon good cause as Defendant actively sought counsel to file Defendant's appeal but, because of the holidays, was unable to locate counsel to file his Notice of Appeal until January 10, 2017.**

"Good cause comes into play in situations in which there is not fault—excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant." *United States v. Torres*, 372 F.3d 1159, 1161 n. 1 (10th Cir.2004). As set forth above, upon learning that Defendant's trial counsel would be unable to file Defendant's appeal, Defendant tried but could not locate other counsel to file his appeal due to the unavailability of other counsel over the holidays and the difficulty Defendant experienced in trying to retain an attorney to file the appeal shortly after the holidays. Nevertheless, Defendant diligently sought and retained counsel, and Defendant's Notice of Appeal was filed five (5) days after the deadline. Based upon such facts, this

Court should find that Defendant has shown good cause and grant Defendant's request for an extension of time to file his appeal.

## CONCLUSION

Based upon the above and foregoing, this Court should grant Defendant's request for an extension of time to appeal pursuant to Fed. R. App. P. 4(b)(4) to February 1, 2017, not more than thirty (30) days after expiration of the time prescribed by Fed. R. App. P. 4(b).

        Respectfully submitted,

        _____
        M. Craig Pitts, OBA #16291
        Larry E. Finn, OBA #31551
        RUBENSTEIN & PITTS, P.L.L.C.
        1503 E. 19th Street
        Edmond, Oklahoma 73013
        Phone:    405-340-1900
        Fax:    405-340-1001
        cpitts@oklawpartners.com
        lfinn@oklawpartners.com
        *Attorneys for Defendant Michael Dean Billings*

## CERTIFICATE OF SERVICE

      I hereby certify that on the 25th day of January, 2017, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing. Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the following ECF registrants:

David P. Petermann
US Attorney's Office-OKC
210 W Park Ave, Suite 400
Oklahoma City, OK 73102
405-553-8700
405-231-5876 (fax)
david.petermann@usdoj.gov
*Attorney for Plaintiff United States of America*

Robert D. Gifford, II
Gungoll Jackson Box & Devoll-OKC
101 Park Avenue, Suite 1400
Oklahoma City, OK 73102
405-272-4710
405-272-5141 (fax)
Gifford@GungollJackson.com
*Attorney for Plaintiff United States of America*

Steven W. Creager
Assistant U.S. Attorney
Bar Number: 30052 (OK)
210 W. Park Avenue, Suite 400
Oklahoma City, Oklahoma 73102
(405) 553-8700
steven.w.creager@usdoj.gov
*Attorney for United States of America*

_____