# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

MICHAEL DEAN BILLINGS, )
)
    *Defendant/Petitioner*, )
)
v. ) Case No. CR-14-306-D
) Case No. CIV-17-1355-D
UNITED STATES OF AMERICA, )
)
    *Plaintiff/Respondent*. )

**O R D E R**

Before the Court is Michael Dean Billings' *pro se* Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Docs. No. 95, 96].[1] The United States has filed a Response in opposition [Doc. No. 103]. Petitioner has replied [Doc. No. 106]. Upon examination of the parties' submissions and the case record, the Court finds that Petitioner's § 2255 motion should be denied.

**FACTUAL AND PROCEDURAL BACKGROUND**

Petitioner entered into a Plea Agreement with the United States [Doc. No. 54] and pleaded guilty to engaging in illicit sexual conduct in foreign places in violation of 18 U.S.C. § 2423(c), on November 12, 2015. The United States Sentencing Guidelines recommended a range of 168 to 210 months imprisonment, and on December 21, 2016, the Court sentenced Petitioner to a term of imprisonment that was at the bottom of that

---

[1] Petitioner subsequently filed a Motion to clarify the page numbering in his original memorandum [Doc. No. 102].

range: 168 months [Doc. No. 64]. [2]  Despite having waived his right to collaterally challenge a sentence within or below the guide range, Petitioner timely filed a motion under Section 2255 [Doc. Nos. 95, 96, 102].

By his motion, Petitioner alleges that (1) counsel, throughout the proceedings, failed to meet the required constitutional standards; (2) counsel failed to properly advise Petitioner on his trial options and the terms of the plea agreement; (3) his constitutional rights were violated because of a sentence disparity between himself and his similarly situated partner in crime; (4) counsel failed to exercise the use of the confrontation clause, impeach certain testimony, and bring forward forensic testimony, character testimony, or objections to the Presentence Investigation Report ("PSR"); (5) counsel failed to file timely and effective motions regarding Petitioner's competency, rendering the PSR and sentencing hearing involuntary; and (6) the Court and the U.S. Attorney persuaded Petitioner to plead guilty upon a false promise of leniency.

## STANDARD OF DECISION

Under Tenth Circuit precedent, "a waiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made." *United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001).

---

[2] This case was originally assigned to the Honorable Vicki Miles-LaGrange, who presided over Petitioner's plea and sentencing hearings. *See* Plea Transcript [Doc. No. 103-1]; Sentencing Transcript [Doc. No. 91]. The case was then reassigned to the Honorable Scott Palk [Doc. No. 107], who subsequently recused himself. The recusal resulted in the case being assigned to the undersigned on January 8, 2019 [Doc. No. 108].

In deciding whether to enforce collateral attack waiver, the Court must determine: (1) if the § 2255 motion falls within the scope of the waiver; (2) whether the defendant knowingly and voluntarily waived his right to bring a § 2255 motion; and (3) whether enforcing the waiver would result in a miscarriage of justice. *See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (addressing appellate waivers).

**DISCUSSION**

The government has moved to enforce the plea agreement and its unequivocal waiver of Petitioner's right to "collaterally challenge his guilty plea, sentence and restitution imposed, and any other aspect of his conviction." *See* Plea Agreement [Doc. No. 54] at 6–7. Petitioner specifically waived his right to challenge "his sentence as imposed by the Court . . . and the manner in which the sentence is determined," though the waiver exempts Petitioner's right "to appeal specifically the substantive reasonableness of his sentence." *See id*. at 6.

**I. Petitioner's ineffective assistance of counsel claims challenging the validity of the plea agreement fail on the merits, and the remaining grounds of the § 2255 motion fall within the scope of the waiver.**

Grounds 3, 4, and 5 of Petitioner's § 2255 motion strictly concern his sentence and the way it was imposed. These claims plainly fall within the scope of the waiver. *See United States v. Morrison*, 415 F. App'x 860, 864 (10th Cir. 2011) (finding that arguments that defense counsel failed to file objections to PSR, failed to investigate exculpatory discovery items, and instructed defendant not to speak at his sentencing hearing were waived under *Cockerham*). Petitioner's ineffective assistance claims in

grounds 1, 2, and 6 of his motion, however, arguably challenge the validity of the plea or waiver.

Courts will "strictly construe" the scope of the waiver, and "any ambiguities in these agreements will be read against the government and in favor of a defendant's [collateral attack] rights." *Hahn*, 359 F.3d at 1325 (quoting *United States v. Andis*, 333 F.3d 886, 890 (8th Cir. 2003) (en banc)). In line with the dictates of *Cockerham*, 237 F.3d at 1187, this waiver provides an exception for ineffective-assistance-of-counsel challenges to the validity of the plea or the waiver. *See* Plea Agreement at 7. Because Petitioner is challenging the constitutionality of the process by which he waived his appellate rights, these claims are not barred by the plea agreement.

Nevertheless, the Court finds Petitioner has failed to carry his burden with respect to these claims, which thereby fail on the merits. Petitioner claims that in negotiating the plea agreement, he was promised leniency by the government and the Court. There is no evidence in the record of such promises. *See United States v. Velasquez*, 570 F. App'x 750, 755 (10th Cir. 2014) (affirming a district court's decision to dismiss a petitioner's argument that the government had made secret promises of leniency where there was no evidence on the record).

At the change of plea hearing, the Court specifically asked Petitioner if he understood that his sentence was "solely a matter within the control of the judge." Further, that although the Court assumed "that [Petitioner] hopes to receive leniency," the Court asked Petitioner if he was "prepared to accept any punishment permitted by law." Plea Transcript [Doc. No. 103-1] at 14. Petitioner answered affirmatively. *Id*. This is not a

4

case in which the Court did not advise the defendant correctly concerning the consequences of the plea, thereby rendering the plea involuntary. *See United States v. McCann*, 940 F.2d 1352, 1358 (10th Cir. 1991).[3] Petitioner has not overcome the presumption of validity accorded the record concerning the change of plea. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *Hedman v. United States*, 527 F.2d 20, 22 (1975).

Petitioner also alleges that counsel failed to meet the constitutional standards required. Further, that counsel failed to properly advise Petitioner on his alternative options to the plea agreement and of the terms of the plea agreement itself. To obtain habeas relief for ineffective assistance of counsel, "a petitioner must establish both that his attorney's representation was deficient and that he was prejudiced by that deficiency." *James v. Gibson*, 211 F.3d 543, 555 (10th Cir. 2000) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "An ineffective assistance claim may be resolved on either performance or prejudice grounds alone." *Fox v. Ward*, 200 F.3d 1286, 1295 (10th Cir. 2000). In order to show prejudice, the petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to

---

[3] To some extent, Petitioner also challenges the validity of the waiver by arguing his mental health suffered a "precipitous decline" before his plea was entered, and counsel failed to address the issue, failed to postpone proceedings, and failed to seek a mental-health evaluation. *See* Motion at 14. But Petitioner has not "identified any additional competency-related evidence. . . of the sort that would permit us to conclude that there is a reasonable probability that the district court, had it possessed such evidence, would have ordered a competency hearing based upon a 'bona fide doubt' as to [Petitioner's] competency to enter his plea." *United States v. Graham,* 429 F. App'x 783, 789 (10th

undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. "There is a strong presumption that counsel provided effective assistance, and a section 2255 defendant has the burden of proof to overcome that presumption." *United States v. Williams*, 948 F. Supp. 956, 960 (D. Kan. 1996), *cert. denied*, 522 U.S. 1033 (1997); *accord United States v. Kennedy*, 225 F.3d 1187, 1197 (10th Cir. 2000).

Petitioner has failed to carry his burden to show that counsel's representation fell below an objective standard of reasonableness. Petitioner was told by his defense counsel that, given the plea, he faced the possibility of a sentence of thirty years imprisonment. *See* Affidavit of Defense Counsel [Doc. No. 103-3] at 7. Petitioner nevertheless voluntarily pleaded guilty. During his plea colloquy, Petitioner made repeated, sworn statements directly contradicting his position here, and he introduces no new evidence supporting his new position. *See Blackledge*, 431 U.S. at 74 (statements made to the court when a guilty plea is entered carry a strong presumption of verity); *see United States v. Hill*, 635 F. App'x 536, 548 (10th Cir. 2015) ("[Petitioner] . . . cannot now casually brush aside his many representations to the district court."). The Court finds no reason to doubt the assurances made. Petitioner submits no evidence calling into question his representations in the plea agreement and does not identify any evidence contradicting his sworn testimony. *See* Plea Transcript at 20–21.

Petitioner's contentions that his plea agreement, which included a collateral-rights waiver, was involuntary and unknowing due to ineffective assistance of counsel are

---

Cir. 2011).

without merit. The remaining grounds for relief fall within the scope of the waiver. The first *Hahn* factor is satisfied.

**II. The plea was made knowingly and voluntarily, in satisfaction of the second *Hahn* factor.**

With respect to the second factor, Petitioner bears the burden of demonstrating that his waiver was not knowing and voluntary. *See United States v. Smith*, 500 F.3d 1206, 1210 (10th Cir. 2007).

Petitioner's statements and testimony at the plea hearing make clear that Petitioner knowingly and voluntarily pled guilty. *See* Plea Transcript [Doc. No. 103-1]. Petitioner was specifically advised of the charge against him, the maximum possible punishment, and the waivers contained in the plea agreement, including a waiver of the right to bring a collateral challenge. Petitioner confirmed that he and his attorney had gone over, and he understood, all the questions and answers in the plea petition. *Id.* at 17. In short, the existing record refutes any contention that Petitioner did not understand the plea agreement, and plainly establishes a factual basis for Petitioner's plea of guilty. The Court expressly found at the hearing that Petitioner's guilty plea was knowing and voluntary. *See id.* at 25. The second factor is satisfied.

**III. Enforcing the waiver would not constitute a miscarriage of justice.**

The third factor to consider is whether enforcement of the waiver would constitute a miscarriage of justice. To show a miscarriage of justice, Petitioner must establish that: (1) his sentence was based on an impermissible factor such as race; (2) the waiver is invalid because counsel offered ineffective assistance in negotiating the terms of the waiver; (3)

7

his sentence exceeded the statutory maximum; or (4) the waiver is otherwise unlawful and the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Hahn*, 359 F.3d at 1329.

There is no evidence on the record, and Petitioner nowhere argues, that the Court relied on impermissible factors such as race in sentencing him. The statutory maximum for the offense of conviction was 30 years in prison; the Court imposed a 168-month sentence, five years of supervised release, and a $100.00 special assessment. *See* Plea Transcript at 33, 36, 38. The waiver is not otherwise unlawful, and Petitioner has made no showing that any error "seriously affected the fairness, integrity or public reputation of judicial proceedings." *See United States v. Olano,* 507 U.S. 725, 732 (1993); *Hahn*, 359 F.3d at 1329. The record contains no evidence to support a finding to the contrary.

Having fully considered the motion and having reviewed the record in this case, the Court finds that application of all three prongs of the test set forth in *Hahn* compels the conclusion that the waiver contained in the Plea Agreement [Doc. No. 54] is valid and enforceable.

## CONCLUSION

Accordingly, Petitioner's Motion to Vacate, Set Aside or Correct His Sentence [Doc. No. 95] is barred by the waiver in his plea agreement. Under § 2255(b), "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). An evidentiary hearing is not required where the "case record conclusively

8

shows the prisoner is entitled to no relief." *United States v. Marr*, 856 F.2d 1471, 1472 (10th Cir. 1988). Under the applicable standard an evidentiary hearing will not be required.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a movant. A COA may issue only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon consideration, the Court finds this standard is not met in this case, and a COA should be denied.

**IT IS THEREFORE ORDERED** that Petitioner's Motion Under 28 U.S.C. § 2255 [Doc. No. 95] is **DENIED.** Petitioner's request for a hearing is **DENIED**. A COA is **DENIED**. Judgment shall issue accordingly.

**IT IS SO ORDERED** this 13th day of April, 2020.

TIMOTHY D. DeGIUSTI
Chief United States District Judge